```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

ALICE DONALD                                    CIVIL ACTION

V.                                              NO. 16-17753

ASTRAZENECA PHARMACEUTICALS,
LP, ET AL.                                      SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss for failure to state a claim. For the following reasons, the motion is GRANTED in part and DENIED in part. The motion is GRANTED as to any non-LPLA claims and the express warranty claim the plaintiff pleads. The motion is DENIED as to LPLA claims for defective design, defective composition or construction, and inadequate warning.

## Background

Alice Donald filed this lawsuit against AstraZeneca Pharmaceuticals LP and AstraZeneca LP for manufacturing a drug the plaintiff ingested, which allegedly caused her kidney injuries.

The plaintiff alleges that she ingested the drug Nexium, which AstraZeneca manufactures. In her complaint, the plaintiff brings claims for: strict product liability, intentional infliction of emotional distress, negligent infliction of emotional distress, fraud, negligence, negligent misrepresentation, fraudulent misrepresentation, and breaches of express and implied warranties.

The defendants move the Court to dismiss the plaintiff's claims on numerous grounds. First, the defendants contend that the Louisiana Products Liability Act (LPLA) is the exclusive remedy and precludes the plaintiff's claims for intentional infliction of emotion distress, negligent infliction of emotional distress, fraud, negligence, negligent misrepresentation, fraudulent misrepresentation, express and implied warranties. Additionally, the defendants contend that the plaintiff failed to plead her claim for fraud with particularity under Rule 9 and that she fails to state claims upon which relief can be granted under Rule 8. Finally, the defendants contend that the plaintiff failed to plead any claims allowed under the LPLA with specificity. The Court considers these contentions in turn.

## I. The Louisiana Products Liability Act

The Court first considers the applicability of the LPLA to the plaintiff's claims and whether any of the claims must be dismissed as precluded under the LPLA.

The LPLA provides the "exclusive remedy for products liability suits" under Louisiana law. Demahy v. Schwartz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012); see also LA. STAT. ANN. § 9:2800.52. "In order to maintain a successful products liability action under the LPLA, a plaintiff must establish that the defendant is the manufacturer of the product; the claimant's damage was proximately caused by a characteristic of the product; this

2

characteristic made the product unreasonably dangerous; and the claimant's damage arose from a reasonably anticipated use of the product. Id. § 9:2800.54(A). A plaintiff may establish a product was unreasonably dangerous under one of four theories: (1) the product's construction or composition is defective, (2) the product's design is defective, (3) the product's warnings are inadequate, or (4) by showing a breach of express warranty. Id. § 9:2800.54(B). ". . . [F]or causes of action arising after the effective date of the LPLA, negligence, strict liability, and breach of express warranty are not available as theories of recovery against a manufacturer, independent from the LPLA. Stahl v. Novartis Pharm., 283 F.3d 254, 260 (5th Cir. 2002).

Accordingly, the plaintiff's claims for negligent and intentional infliction of emotion distress, fraud,[1] negligence, negligent misrepresentation, intentional misrepresentation, express warranty, implied warranties, and express warranties are barred. Additionally, the plaintiff's claims for punitive or exemplary damages under Louisiana law are barred. See LA. CIV. CODE ARTS. 2315.3, 2315.4, 2315.7, 2315.8. The Court now considers whether the plaintiff alleges claims under the LPLA that are pleaded sufficiently to survive this motion to dismiss.

---

[1] The Court does not need to address the defendants' Rule 9 ground for dismissal because the fraud claim is dismissed as precluded by the LPLA.

II.   Motion to Dismiss Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"'[T]he central issue [in deciding a motion to dismiss] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir. 2010) (citation omitted). To survive a Rule 12 motion dismiss or for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting

4

Ashcroft, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) (citation omitted).

### III. Viability of LPLA Claims

The plaintiff's complaint wholly fails to specifically allege claims arising under the LPLA. Instead, the plaintiff pleads a host of form-book causes of action, some of which are prohibited as grounds for recovery under the LPLA. The Court, however, is obliged to inquire whether the plaintiff, under any of the generic claims pleaded, successfully brings claims under the LPLA with sufficiency to survive dismissal under Rule 12(b)(6), no matter how inartfully done. See Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.").

#### i. Defect in Construction or Composition

In order to prove a construction or composition defect at trial, a plaintiff must show that "at the time the product left the manufacturer's control, the product deviated in a material way

5

from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." LA. STAT. ANN. § 9:2800.55.

The plaintiff's complaint states that when Nexium "left the hands of the manufacturers . . . it was unreasonably dangerous." Namely, the complaint states that when Nexium was manufactured it was defective in "formulation." The Fifth Circuit has instructed that similar language in a complaint "provide[s] sufficient information to 'raise a reasonable expectation that the discovery will reveal evidence' to support the Manufacturing Defendants' liability." Flagg v. Stryker Corp., 647 F. App'x 314, 317 (5th Cir. 2016) (quoting In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008)). Accordingly, this Court is bound by the Fifth Circuit's instruction and finds that any potential claim based on construction or composition survives this 12(b)(6) motion.

### ii. Defect in Design

To succeed on a design defect claim, the plaintiff must show that "at the time the product left the manufacturer's control[,] [t]here existed an alternative design for the product that was capable of preventing the claimant's damage." LA. REV. STAT. ANN. § 9:2800.56. Further, the plaintiff must show "that the danger and gravity of that damage outweighed any adverse effects on the utility of the product and the burden on the manufacturer of

6

adopting the alternative design." Flagg v. Stryker Corp., 647 F. App'x at 316; LA. REV. STAT. ANN. § 9:2800.56.

The plaintiff claims that alternatives to PPIs, such as Nexium, "are and were available that provide the same benefits but act through a different mechanism." Specifically, the complaint suggests that "[o]ne alternative is H2 antagonists, also called H2 blockers, a class of medications that block the action of histamine at the histamine H2 receptors of the parietal cells in the stomach." The defendant is correct in stating that the complaint does not address whether the danger outweighed the burden on the manufacturer of adopting an alternative design. However, such an omission is not so fatal as to give rise to dismissal under 12(b)(6) at this stage in the litigation. See Flagg, 647 F. App'x at 316 ("Although [the plaintiff] does not plead . . . that the danger of the damage outweighs the burden of adopting the design, those very detailed and specific allegations are not required to plead a plausible claim at this stage . . . ."). Once again, inartful draftsmanship, while notable, is not on this record fatal.

### iii. Failure to Warn

To successfully maintain a failure to warn claim under the LPLA, the plaintiff must prove that the product has a potentially damage-causing characteristic and that the manufacturer failed to use reasonable care to provide an adequate warning about the characteristic. LA. REV. STAT. ANN. § 9:2800.57(A). For product

7

liability claims involving prescription drugs, Louisiana applies the "learned intermediary doctrine." Under this doctrine, "a drug manufacturer discharges its duty to consumers by reasonably informing prescribing physicians of the dangers of harm from a drug." Stahl, 283 F.3d at 265. To prevail on a failure to warn claim under the LPLA, a plaintiff must prove that the manufacturer failed to warn the treating physician of the dangers associated with the drug "not otherwise known to the physician," and that this failure was both a cause in fact and proximate cause of the plaintiff's injury. Willett v. Baxter Int'l, Inc., 929 F.2d 1094, 1098 (5th Cir. 1991).

The plaintiff's complaint alleges that her treating physician would not have prescribed her Nexium had the physician been properly warned of the risks of kidney injuries. In following with the Fifth Circuit's quite generous instruction on specificity required at the pleading stage for an LPLA claim, the Court finds that the plaintiff's complaint provides "facial plausibility" for a failure to warn claim.

### *iv.   Breach of Express Warranty*

To support a claim for breach of express warranty under the LPLA, an express warranty must have existed to which the product did not conform. La. Rev. Stat. Ann. § 9:2800.58. The plaintiff must allege the content of the warranty and explain how the warranty was not true. Robertson v. AstraZeneca Pharms., No. 15-438, 2015

8

WL 5823326, at *5 (E.D. La. Oct. 6, 2015). The plaintiff must "specify the warranty in question." Id.

The plaintiff's complaint is void of any allegation that AstraZeneca breached a specific express warranty. The plaintiff does not plausibly plead a breach of express warranty claim under the LPLA. The claim of express warranty is dismissed.

IV.

IT IS ORDERED that only the plaintiff's claims for defect in design, defect in composition or construction, and failure to warn under the LPLA survive this motion to dismiss.

IT IS FURTHER ORDERED that all non-LPLA claims are dismissed with prejudice.[2]

IT IS FURTHER ORDERED that the plaintiff's claim for breach of express warranty under the LPLA is dismissed.

Accordingly, the defendant's motion to dismiss is GRANTED in part and DENIED in part.

New Orleans, Louisiana, March 22, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The Court reiterates that any claims for negligence, fraud, implied warranties and any other claims falling outside of the LPLA are prohibited because of the LPLA's applicability to this lawsuit. Demahy v. Schwartz Pharma, Inc., 702 F.3d 177, 182 (5th Cir. 2012); see also La. Stat. Ann. § 9:2800.52